UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dorian Hill,                                              Case No. 1:21-cv-1391

            Petitioner,

v.                                                 MEMORANDUM OPINION
                                                       AND ORDER

Leon Hill, Warden,

            Respondent.

On July 19, 2021, *pro se* Petitioner Dorian L. Hill filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Because Hill previously filed a petition for a writ of habeas corpus, (*see* Case No. 1:17-cv-2596), Respondent filed a motion to transfer this case to the Sixth Circuit Court of Appeals as a second or successive petition. (Doc. No. 4). Hill opposes Respondent's motion, arguing the state court's October 23, 2019 journal entry was a new judgment which permits him to file a new habeas petition to challenge his conviction and sentence. (Doc. No. 5). Hill also filed a motion for summary judgment. (Doc. No. 6).

Inmates who challenge a state court judgment must seek authorization from a federal appellate court before filing a "second or successive application." 28 U.S.C. § 2244(b)(3)(A); *see also In re Stansell*, 828 F.3d 412, 414-15 (6th Cir. 2016); *King v. Morgan*, 807 F.3d 154, 156-57 (6th Cir. 2015). If a petitioner files a second or successive habeas petition without first obtaining permission from the Court of Appeals, "the district court shall transfer the document to [the Sixth Circuit]

pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3).

The state court's October 23, 2019 journal entry is not a new judgment. That order, entered a few months after Hill filed a motion to "comport with [Ohio Criminal Rule] 32(C)," (Doc. No. 4-1 at 274), did no more than journalize the trial court's December 9, 1988, and September 21, 1994 sentencing entries, "for the sole purpose of complying with [Ohio Criminal Rule] 32(C)." (*Id.* at 334). This journal entry was "a simple 'correct[ion] [of] a technical error'" and, therefore, Hill is not exempted from complying with the requirements of § 2244(b). *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016) (citations omitted) (alterations in original).

Because Hill previously filed a § 2254 petition and did not first submit an application to the Sixth Circuit to file his current petition, I grant Respondent's motion to transfer, (Doc. No. 4), and deny Hill's motion for summary judgment. (Doc. No. 6).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2